# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID E. PALISMO,

Plaintiff,

v.

L. BUCKNER,

Defendants.

_______________________________________/

CV F 04 6523 AWI LJO P

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1)

David E. Palismo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the U.S. District Court for the Central District of California on August 18, 2003, naming the California Department of Corrections ("CDC"), Medical Technical Assistant ("MTA") John Doe, Parole Agent Jeffrey Rodriguez, Attorney Kenneth Allen, and Parole Hearings Board Officer J. Quintiliani as Defendants. Plaintiff later substituted the name of L. Buckner in place of John Doe. The action centered on two distinct claims. Plaintiff alleged that Defendants CDC, Rodriguez, Allen and Quintiliani violated his civil rights in conjunction with a prole revocation proceeding that took place in the Central District of California. Plaintiff also alleged that Defendant Buckner, a Medical Technical Assistant at Wasco State Prison, was deliberately indifferent to Plaintiff's serious medical needs when he failed to treat Plaintiff's medical condition. The Central District issued an Order dismissing all Defendants but Defendant Buckner and granted Defendant's Motion to transfer the case to this Court for resolution of the

remaining claim against Defendant Buckner. The Court received the case on October 24, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF CLAIM IN COMPLAINT**

Plaintiff alleges that on or about July 4, 1998, Plaintiff, who suffered from a medical condition known as Priapism, attempted to gain access to the Wasco State Prison Reception Center Medical Clinic but was

> . . . confronted, harassed, and interfered, thereafter, with enmity by one amoral medical technical assistant John Doe [Defendant Buckner] who subtly, cunningly, and insidiously manipulated the use of his authoritative departmental powers to relentlessly issue repeated efficacious psychological verbal threats of receiving a departmental serious rules violation (A115) for being out -of-bounds by not having a pill pass.

(Complaint at 6.) Plaintiff alleges that this action immediately caused him apprehensible fear of

additional duress and other possible consequences. As a result of Defendant Buckner's statements, Plaintiff was "averted" from exercising his right to access medical care. Approximately three days later, Plaintiff lapsed into "excurciating [sic] shock" and was taken to San Joaquin hospital where he was treated with pain medication for three weeks and ultimately underwent three operations resulting in permanent impotence. Plaintiff alleges that Defendant's actions violated his constitutional rights to medical treatment.

**C. CLAIMS FOR RELIEF**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In the instant case, the Complaint does not allege facts demonstrating that Defendant Buckner knew of and disregarded a serious risk to Plaintiff's health. Instead, Plaintiff contends that Defendant Buckner scolded him for not having a pass to be at the clinic and as a result, Plaintiff did not seek further treatment. The facts alleged indicate that Plaintiff voluntarily opted not to seek treatment and not that he sought treatment and it was denied by Defendant. Based on the allegations, the Court finds Plaintiff fails to state a cognizable claim for relief.[1]

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

---

[1]The Court notes that Plaintiff raised a similar claim in Palismo v. CA.Dept.Corr.,CV F 99-5991 AWI LJO PC. However, this action was dismissed for Plaintiff's failure to state a claim for relief. Although Plaintiff alleged a denial of medical care while at Wasco in July of 1998, he did not allege sufficient facts to state an Eighth Amendment medical claim. Plaintiff was given leave to amend but he did not and the case was ultimately dismissed for his failure to comply and state a claim for relief. (Docs. 14, 17, 18.) Although this action appears to concern the same issue, Plaintiff pleads sufficient facts demonstrating that Defendant Buckner did not have the requisite knowledge and did not deny him medical care but that Plaintiff elected not to pursue care. As such, dismissal is appropriate.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 9, 2006** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE